JOHN L. BURRIS, ESQ., (SBN 69888)
DEWITT M. LACY., ESQ., (SBN 258789)
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiff
SHANA McCLOUD

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANA MCCLOUD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH A. FARROW, individually and in his official capacity as California Highway Patrol Commissioner; and DOES 1-50, inclusive; individually,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1. This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code § 52.1 and § 51.7, and under the common law of California. This action is against CALIFORNIA HIGHWAY PATROL officers. It is also alleged

that these violations and torts were committed due to the policies and customs of the CALIFORNIA HIGHWAY PATROL as set and controlled by its Commissioner, JOSEPH FARROW. These claims arise out of the wrongful arrest, detention, and shooting of Plaintiff SHANA McCLOUD, in which CALIFORNIA HIGHWAY PATROL Officers unjustifiably shot her multiple times on November 19, 2011.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in Stockton, California which is within this judicial district.

## PARTIES

3. At all times relevant to this complaint, Plaintiff SHANA MCCLOUD (hereinafter "Plaintiff") was an resident of Stockton, California and a United States Citizen.

4. At all times mentioned herein JOSEPH A. FARROW (hereinafter "DEFENDANT"), is sued in his individual capacity as the CALIFORNIA HIGHWAY PATROL COMMISSIONER, and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the state of California.

5. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1-50, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE Defendants is legally

responsible and liable for the incident, injuries and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

6. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

**FACTS**

7. On November 19, 2011, at approximately 12:30 a.m., Plaintiff SHANA McCLOUD was a passenger in her friend Jose Orosco's car. Mr. Orosco and Plaintiff were leaving a parking lot located near the intersection of Wilson Way and Martin Luther King Jr. Boulevard in Stockton, California. Defendant, a CALIFORNIA HIGHWAY PATROL officer attempted to pull over Mr. Orosco as Plaintiff and Mr. Orosco were leaving the parking lot.

8. For unknown reasons, Mr. Orosco engaged the police in a short car pursuit. Unwillingly, Plaintiff was forced to endure the fear of a police chase. Attempting

to make a left turn, Mr. Orosco crashed into a fence. Defendants immediately opened fire on both Mr. Orosco and Plaintiff. Mr. Orosco died instantaneously as a result of multiple gun wounds.

9. Defendants shot Plaintiff multiple times in her torso, chest and legs. One of the Defendants' bullets hit and pierced through Plaintiff's right lung causing Plaintiff to have difficulty breathing. Terrified and severely wounded, Plaintiff got out of the car with her hands in the air. Defendants ignored her visibly urgent medical condition. Defendants ordered Plaintiff to lay on the ground and Plaintiff complied. Unable to breathe, Plaintiff begged Defendants to help her. Rather than seeking medical help the Defendant officers placed Plaintiff in handcuffs. Several minutes later, Plaintiff was transported to St. Joseph's Medical Center in Stockton, California.

**DAMAGES**

10. As a proximate result of Defendants' conduct, Plaintiff suffered wrongful arrest, wrongful detention and substantial physical injuries. As a further proximate result of Defendants' conduct, Plaintiff incurred damages caused by the assault, battery and his wrongful detention. Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

11. The conduct of Defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said Defendants.

**CAUSES OF ACTION**

FIRST CAUSE OF ACTION

(42 U.S.C. Section 1983)

(PLAINTIFF Against Defendants DOES 1-25)

12. Plaintiff hereby re-alleges and incorporates by reference herein

paragraphs 1 through 11 of this Complaint.

13. In doing the acts complained of herein, Defendants DOES 1-25, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right to be free from excessive and deadly force , as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

(*Monell* – 42 U.S.C. section 1983)

(PLAINTIFF Against Defendants JOSEPH A. FARROW, and DOES 25-50)

14. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 13 of this Complaint.

15. Plaintiff is informed and believes and thereon alleges that high-ranking DEFENDANT officials, including high-ranking supervisors such as DOES 25 through 50, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendant officers, agents, and DOES 1-25, and/or each of them.

16. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant FARROW and DOES 25-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said defendants.

17. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant officials, supervisors and DOES 1-25 and/or each of them, encouraged these Defendants to continue their course of misconduct and caused these Defendants lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

18. Plaintiff further alleges that Defendants, DOES 25-50, and/or each of them, were on notice of the Constitutional defects in their training of Defendants, including, but not limited to unlawful arrests and detentions not based on probable cause.

19. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking Defendant FARROW and other DEFENDANT officials, including high ranking DEFENDANT supervisors, Defendant DOES 25-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by Defendant officers and/or agents, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**JURY DEMAND**

20. Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

Dated: November 19, 2013

**LAW OFFICES OF JOHN L. BURRIS**

/s/ John L. Burris
John L. Burris Esq.
DeWitt M. Lacy, Esq.
Attorneys for Plaintiff
**SHANA McCLOUD**