UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANA McCLOUD, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>JOSEPH A. FARROW,<br>individually and in his<br>official capacity as<br>California Highway Patrol<br>Commissioner; and DOES 1-50,<br>inclusive; individually,<br><br>            Defendants. | No. CIV. S-13-2404 LKK/KJN<br><br><br><br>**ORDER** |

### I.  BACKGROUND[1]

Plaintiff Shana McCloud was a passenger in a car being driven by Jose Orosco (not a party).  When a California Highway Patrol officer (as yet unidentified), tried to pull the car over, Orosco sped away, initiating a car chase that was apparently joined by at least one other unidentified officer.  After Orosco crashed into a fence, the officers opened fire (they say Orosco tried to run them over), killing Orosco.  While shooting Orosco,

---

[1] For purposes of this dismissal motion, the court takes the allegations of the Complaint as true.

1

1    the officers also shot plaintiff, with one bullet piercing her
2    lung.  Plaintiff immediately surrendered, and asked for medical
3    attention, but the officers did not immediately call for medical
4    attention, and instead put her in handcuffs.  "Several minutes
5    later," she was transported to the hospital.
6         Plaintiff asserts a Section 1983 supervisory claim against
7    John A. Farrow, the Commissioner of the California Highway
8    Patrol, for violation of her Fourth Amendment and Due Process
9    rights.  Farrow is alleged to be a California state official, and
10   is sued "individually and in his official capacity."  The
11   Complaint alleges that Farrow knew, or reasonably should have
12   known, of repeated acts of misconduct by the officers who shot
13   plaintiff and that he ratified and condoned their conduct.
14   Further, as a result of Farrow's deliberate indifference to the
15   behavior of those officers, and his failure to train them
16   properly, the officers shot plaintiff in violation of her
17   constitutional rights.
18        Defendant moves to dismiss, asserting that the Complaint
19   makes "mere conclusory allegations" that "merely sets forth the
20   elements of a 1983 claim without any specific reference to
21   anything that Commissioner Farrow did or failed to do."  Motion
22   To Dismiss (ECF No. 4) at 4.  Accordingly, Farrow says, "there is
23   nothing for Commissioner Farrow to admit or deny."  Id., at 4.

## II.  ANALYSIS

25        It is clear that a principal difficulty facing plaintiff at
26   the time she filed the Complaint was that she did not know the
27   identities of the CHP officers involved.  At oral argument on the
28

motion, the parties agreed that plaintiff now knows the names of those officers. Plaintiff is now in a position to amend the Complaint to name those officers, and possibly, to dismiss Commissioner Farrow, if such a voluntary dismissal is appropriate.

## CONCLUSION

Accordingly, the court orders as follows:

    1.   The Complaint is hereby **DISMISSED** with leave to amend within 30 days of the date of this order;[2] and

    2.   Defendant's motion to dismiss (ECF No. 4), is **DENIED** as moot.[3]

IT IS SO ORDERED.

DATED: April 7, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] The court notes that the Ninth Circuit has very recently spoken on two cases involving officer-involved shootings following car chases, one involving the CHP. See Gonzalez v. City of Anaheim, ___ F.3d ___, 2014 WL 1274551 (9th Cir. 2014) (en banc), and Lal v. California, ___ F.3d ___, 2014 WL 1272781 (9th Cir. 2014).

[3] Because the court does not rule on the merits of defendant's motion to dismiss, it is up to plaintiff whether she will include Commissioner Farrow in her amended complaint. However if plaintiff again sues Farrow, plaintiff must, of course, ensure that her allegations against him comply with the pleading requirements set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), and the cases interpreting them.