UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANA MCCLOUD, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH A. FARROW, individually and in his official capacity as California Highway Patrol Commissioner; RUDY BRIONES; JOHN EDWARDS,<br><br>    Defendants. | No.  2:13-cv-02404-JAM-KJN<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Defendants California Highway Patrol Officers John Edwards and Rudy Briones (collectively "the Defendant Officers") move to dismiss (Doc. #23) Plaintiff Shana McCloud's ("Plaintiff") first amended complaint ("FAC") (Doc. #19) as barred by the statute of limitations.[1]  Plaintiff opposes the motion, contending that Federal Rule of Civil Procedure 15(c) allows the FAC to "relate back" to the filing of the original complaint, placing it within

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 15, 2014.

1

the limitations period.  For the reasons stated below, the Court finds the FAC, naming the Defendant Officers, is not time barred.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action arises out of an incident that occurred on November 19, 2011.  FAC ¶ 8.  Plaintiff was riding as a passenger in a car driven by her friend ("the driver") when the Defendant Officers attempted to pull him over.  FAC ¶¶ 8-11.  The driver attempted to evade the Defendant Officers and eventually crashed into a fence.  Immediately after the crash, the Defendant Officers allegedly opened fire on Plaintiff and the driver, killing the driver instantly and inflicting multiple gunshot wounds upon Plaintiff.  According to Plaintiff, the Defendant Officers then ignored her urgent medical condition for some time, before finally transporting Plaintiff to a local medical center.

Plaintiff filed the original complaint (Doc. #1) against California Highway Patrol Commissioner Joseph A. Farrow ("Commissioner Farrow"), both in his official capacity and individually, and against DOES 1-50.  The original complaint was filed on November 19, 2013, exactly two years after the incident, alleging a Monell claim against Commissioner Farrow in his official capacity and a claim against DOES 1-25 for constitutional violations pursuant to 42 U.S.C. § 1983 ("§1983).  Comp. ¶¶ 12-19.  The Court dismissed the complaint (Doc. #18) with leave to amend.

The FAC drops the claim against Commissioner Farrow and reasserts the §1983 cause of action against the Defendant Officers for violations of Plaintiff's Fourth Amendment rights to

2

be free from unreasonable searches and seizures and the right to be free from excessive force.  FAC ¶ 14.  The FAC was filed on April 14, 2014.

## II.   OPINION

Defendants contend the FAC must be dismissed because the claims are time barred by California Code of Civil Procedure § 335.1 ("§335.1"), which is the applicable two-year statute of limitations in California.  MTD at pp. 3-4.

"A party may raise a statute of limitations argument in a motion to dismiss if it is apparent from the face of the complaint that the complaint was not timely filed and that plaintiff will be unable to prove facts that will establish the timeliness of the claim."  Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist., 935 F. Supp. 2d 968, 979 (E.D. Cal. 2013) (citing Von Saher v. Norton Simon Museum, 592 F.3d 954, 969 (9th Cir. 2010); Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Civil rights actions brought under §1983 are governed by the statute of limitations for personal injury actions of the forum state.  Wilson v. Garcia, 471 U.S. 261, 279-80 (1985); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  California law provides for a two-year statute of limitations for personal injury, applicable to civil rights claims brought under §1983.  §335.1; Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1174 (E.D. Cal. 2005).

Therefore, based on §335.1, Defendants are correct in noting that the claims against the Defendant Officers in the FAC were

3

filed outside of the limitations period.  Plaintiff does not dispute this, but rather contends the relation back doctrine of Federal Rule of Civil Procedure 15(c) ("Rule 15(c)") applies, tying the filing of the FAC back to the date the original complaint was filed.  Opp. at pp. 4-5.  Defendants respond that the relation back doctrine of Rule 15(c) only applies if the newly named Defendants had notice of the actual lawsuit "within the time period provided by Rule 4(m)," which is 120 days.  Reply at p. 2.  They argue this was clearly not the case.

Plaintiff's analysis of Rule 15(c) states the FAC should relate back because the Defendant Officers "received notice of the institution of the action; will not be prejudiced in maintaining their defense on the merits; and knew or should have known that, but for a mistake concerning the identity of the proper parties, the action would have been brought against them." Opp. at p. 5.  Defendants' arguments in support of their motion fail to discuss relevant state statutes and case law applicable to the relation back doctrine.   Both parties' arguments are woefully inadequate and their application of the circumstances of this case to the applicable law is entirely conclusory, simply tracking the elements of Rule 15(c).  However, for reasons discussed below and not found in either party's briefs, the Court, as required by law, finds Rule 15(c) does allow Plaintiff to substitute the Defendant Officers for Does 1 and 2. Defendants' motion is therefore DENIED.

Prior to the 1991 amendments to Rule 15(c), the Ninth Circuit found that the relation back provisions of state law, rather than Rule 15(c) govern a federal cause of action for

§1983.  Merritt v. Cnty. of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); Cabrales v. Cnty. of Los Angeles, 864 F.2d 1454, 1463 (9th Cir. 1988).  The advisory committee notes accompanying the amended version of Rule 15(c) state that the new provision "is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law."  Rule 15(c)(1) advisory committee notes (1991).  The Ninth Circuit recently discussed the impact of those amendments on the law of this circuit:

> Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient. As a result, if an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules.

Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198-1201 (9th Cir. 2014).

Defendants essentially argue that the amendment does not relate back under Rule 15 because it does not meet the 120-day requirement of Federal Rule of Civil Procedure 4(m).  However, if Plaintiff's amendment relates back under California law, it will relate back pursuant to Rule 15(c) despite the fact a different outcome would result if based solely on the federal rules.

Based on the circumstances of this case, California Code of Civil Procedure § 474 ("§474") is the applicable relation back rule.  Section 474 "allows DOE defendants to be added within three years of the filing date of the original complaint if: (1) the complaint states a cause of action against each DOE

5

defendant; (2) the complaint alleges that the plaintiff is ignorant of the true name of each DOE defendant; (3) the plaintiff is actually ignorant of the true name at the time of filing; and (4) the plaintiff amends once the true name of the defendant is discovered." Jones v. Cnty. of Sacramento, 2:12-CV-01141 TLN, 2014 WL 2918850, at *3 (E.D. Cal. 2014) ("Jones") (citing Fireman's Fund. Ins. Co. v. Sparks Const., Inc., 114 Cal. App. 4th 1135, 1143 (2004)).

If the requirements of §474 are fulfilled, the amendment naming new parties is said to relate back to the original complaint for the purposes of the statute of limitations. See Jones, 2014 WL 2918850, at *4; Tandel v. Cnty. of Sacramento, 2:11-CV-00353-MCE-AC, 2014 WL 202740, at *7-8 (E.D. Cal. 2014). Therefore, although §474 would alter the statute of limitations by allowing a relation back that would not otherwise be permitted under the federal rules, Rule 15(c) would allow the amendment to relate back if the requirements of §474 were met. Butler, 766 F.3d at 1198-1201; Jones, at *4.

As to the first requirement of §474, the original complaint specifically asserts the first cause of action against DOES 1-25 pursuant to §1983. Comp. ¶ 13. The complaint states that "Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1-50" and will "amend this complaint to allege their true names and capacities when ascertained." Comp. ¶ 5. As the statute should be "liberally construed" (Dieckmann v. Superior Court, 175 Cal. App. 3d 345, 355 (1985)), the Court finds the second requirement has also been satisfied.

6

The third and fourth requirements provide that a plaintiff must be actually ignorant of the names of the DOE defendants when the original complaint is filed and amend that complaint once the identities have been discovered. Jones, at *3. Defendants have not presented any evidence or argument indicating Plaintiff was aware of the Defendant Officers' identities when the original complaint was filed or that Plaintiff unreasonably delayed naming the Defendant Officers once their identities were determined.

In fact, in its previous order (Doc. #18), the Court found the "difficulty facing plaintiff at the time she filed the Complaint was that she did not know the identities of the [California Highway Patrol] officers involved." The Court also noted that at oral argument the parties agreed that Plaintiff was then aware of the actual names of the officers and was "in a position to amend the Complaint to name those officers." Plaintiff filed the FAC, specifically naming the Defendant Officers, five days after the Court's order was issued. The Court finds the requirements of §474 have been met, and thus, the amended complaint relates back to the original filing under Rule 15(c). Defendants' motion to dismiss is DENIED.

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: November 13, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7