KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
KEVIN W. REAGER, State Bar No. 178478
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5331
 Fax: (916) 322-8288
 E-mail: Kevin.Reager@doj.ca.gov
*Attorneys for Defendants Officer Edwards and Officer Brionesl*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHANA MCCLOUD,** | 2:13-CV-02404-JAM-KJN |
| Plaintiff, | **STIPULATED MOTION FOR PROTECTIVE ORDER; ORDER** |
| v. | |
| **JOSEPH A. FARROW,** | Judge: The Honorable John A. Mendez |
| Defendant. | Action Filed: November 19, 2013 |

TO THE HONORABLE COURT:

Pursuant to Federal Rules of Civil Procedure 26 and Local Rule 141.1 the parties hereby stipulate to the protective order:

IT IS HEREBY STIPULATED by and between the parties, through their respective counsel, that the Court may enter the following protective order:

I.    Description of information and reasons for protection:

A.    Investigative reports prepared by third party agencies including, but not limited to, the San Joaquin County District Attorney's Office, the San Joaquin County Sheriff's Department, the Multidisciplinary Accident Investigation Team (MAIT) and the Critical Incident Investigation

1

1  Team Protocol Unit.  The work of these investigative agencies is protected from disclosure by the
2  deliberative process doctrine, the official information privilege and the law enforcement
3  investigatory privilege.   The materials also include private, personal information relating to third
4  party witnesses (i.e. medical records, criminal histories, home addresses, telephone numbers) who
5  have not been advised of the request and have not consented to the disclosure of their private
6  information.
7       B.    Video and audio recordings from the Mobile Video and Audio Recording System
8  (MVARS) placed in law enforcement vehicles who responded to the incident at issue.  The
9  MVARS contains law enforcement security codes, communication codes, techniques and
10 procedures which if released could jeopardize future investigations and endanger the lives of law
11 enforcement personnel engaged in the performance of their official duties.  The recordings also
12 include private information relating to third parties who have not consented to the disclosure of
13 their information.
14      C.    Audio recordings of witness interviews and dispatch logs which contain information
15 protected from disclosure by the deliberative process doctrine, the official information privilege
16 and the law enforcement investigatory privilege.   The materials also include private, personal
17 information relating to third party witnesses (i.e. home addresses, telephone numbers) who have
18 not been advised of the request and have not consented to the disclosure of their private
19 information.
20      D.    Digital photographs which contain extremely graphic images of the decedent at the
21 incident scene and subsequent autopsy which if released to the public could cause severe
22 emotional distress and suffering to Plaintiff and the public.
23      E.    Any other materials that the parties agree may be covered by this order.
24 These materials will be collectively referred to as "confidential material" throughout the
25 remainder of this document.  It is the obligation of the party producing confidential material to
26 identify such materials at the time of production.
27 / / /
28 / / /

II. <u>Need for a court order</u>:

The confidential materials were prepared by persons other than the Defendants in this action who would not disclose such information to the general public. They have agreed to allow the materials to be produced in this litigation if the information is subject to the proposed protective order. There are also numerous third party witnesses whose private information is at issue who have not been advised of the request and have not consented to the disclosure of their information. It would be unduly burdensome and cause substantial delay in the judicial process if each such person had to be located and provide their specific consent. Because some of the information is contained in audio and video recordings, it is not in a form that can be readily redacted. The parties believe that the proposed protective order will adequately resolve any third party privacy issues.

III. <u>Proposed Order</u>:

A.  Permissible use of confidential material. Counsel for Plaintiff may not use confidential material, or any document derived from or based on such material, such as an expert report (hereinafter "derivative material"), for any purpose other than the conduct of this litigation.

B.  Duplication of confidential material. Counsel for Plaintiff may make only one copy of any confidential or derivative material.

C.  Nondisclosure of confidential material to Plaintiff. Counsel for Plaintiff shall not disclose confidential or derivative material to the Plaintiff herself or any other person except as provided by section D below.

D.  Permissive disclosure of confidential material to specific individuals and entities. Counsel for Plaintiff may disclose confidential or derivative material only to (a) the Court, including any courtroom personnel; (b) the paralegal and clerical staff employed by counsel for Plaintiff, if such disclosure is necessary to the conduct of the litigation; (c) any experts or consultants (together with their clerical staff) that counsel for Plaintiff retain to assist in the prosecution of this action; (d) any court reporter responsible for recording or transcribing any proceeding in this action; (e) any witness at any deposition or other reported proceeding in this action; and (f) any other person to whom the Office of the Attorney General agrees in writing it

may be disclosed.  Counsel for Plaintiff shall not disclose confidential or derivative material to any of the above individuals (excluding the Court and courtroom personnel) until counsel for Plaintiff has explained to that person the obligations created by this protective order and obtained that person's agreement to abide by the contents of this protective order.  Nothing in this paragraph imposes any restrictions on the use or disclosure by counsel for Plaintiff of any material obtained independent of discovery in this action, whether or not such material is also obtained through discovery in this action.

  E. Use of confidential material at depositions.  Counsel for Plaintiff may present confidential information to witnesses at depositions, and examine them concerning that confidential information, only after explaining to the witness on the record that the information is confidential and subject to this protective order, and only after the witness agrees to abide by the terms of this protective order and maintain the confidentiality of the information per the terms of the order.  No witness may leave any deposition with any confidential or derivative material that was disclosed to that witness during that deposition.  If a witness testifies concerning confidential information at a deposition, that testimony will be treated as confidential information.  Counsel for Plaintiff shall make arrangements with the court reporter transcribing the deposition to separately bind any portions of the transcript containing information designated as confidential, and to label those portions appropriately.

  F. Use of confidential material in open court.  Counsel for Plaintiff may not use any confidential or derivative material in open court for any purpose without first obtaining the Court's permission to do so.  The use of confidential material in open court shall not cause the material to lose its confidential status.

  G. Filing of confidential material.  Counsel for Plaintiff may not file any confidential or derivative material other than under seal.

  H. Destruction of confidential material.  At the conclusion of this litigation, counsel for Plaintiff shall return all confidential and derivative materials to the Office of the Attorney General, or shall certify to the Office of the Attorney General that all such materials have been destroyed.

I. Further orders. The foregoing is without prejudice to the right of any party: (a) to apply to the Court for a further or different protective order covering any material to be produced in this litigation; (b) to apply to the Court for an order removing the confidential designation from any material; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

J. Term. This order shall remain in effect after the termination of this litigation and the Court shall retain jurisdiction to resolve any dispute arising out of this order.

SO STIPULATED:

Dated: December 3, 2014               LAW OFFICES OF JOHN L. BURRIS

                                      By:   /s/ DeWitt Lacy
                                            John L. Burris
                                            DeWitt Lacy
                                            Attorney for Plaintiffs


Dated:  December 3, 2014              OFFICE OF THE ATTORNEY GENERAL

                                      By:   /s/ Kevin W. Reager
                                            Kevin W. Reager
                                            Attorney for Defendants


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: 12/3/2014                      /s/ John A. Mendez
                                      The Honorable Judge John A. Mendez
                                      UNITED STATES DISTRICT COURT JUDGE